**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ENVIRONMENTAL PROTECTION INFORMATION CENTER,<br>        Plaintiff,<br><br>vs.<br><br>STAFFORD LEHR, CHARLTON H. BONHAM, SALLY JEWELL, MICHAEL L. CONNOR, DAVID MURILLO, U.S. BUREAU OF RECLAMATION,<br>        Defendants,<br><br>and<br><br>YUROK TRIBE, a federally recognized Tribe,<br>        Proposed Defendant-Intervenor | Case No.: 13-02293-MMC<br><br>**[PROPOSED]** ORDER GRANTING YUROK TRIBE'S MOTION TO INTERVENE |

THIS MATTER is before the Court on the motion to intervene of the Proposed Defendant-Intervenor Yurok Tribe. Plaintiff has filed a statement of non-opposition, the State Defendants have filed a statement of non-opposition, and the Federal Defendants have not filed a response to the motion. Having read and considered the parties' respective written submissions, the Court rules as follows.

This case arises under the Endangered Species Act, 16 U.S.C. § 1531 *et seq.*, for alleged violations by Defendants in the funding, operation, and administration of the Trinity River fish hatchery. This motion to intervene satisfies the four requirements of Federal Rule of Civil Procedure 24(a) to intervene as of right. The motion was timely filed at an early stage of the proceedings. The Yurok Tribe claims a significant protectable interest in the Trinity River fish

hatchery and the Trinity River fishery, which provides anadromous fish used for Yurok Tribal subsistence and cultural purposes. Disposition of this action without the Yurok Tribe may as a practical matter impair its federally reserved fishing rights in the Klamath and Trinity River fisheries. The applicant is a federally recognized Tribe and its interest is inadequately represented by the existing parties.

The Court finds that it is appropriate pursuant to Federal Rule of Civil Procedure 24 to allow the Yurok Tribe to intervene in this action as a party defendant in order to protect its federally reserved fishing rights. Intervention is appropriate pursuant to Rule 24(a) as it appears that disposition of the action "as a practical matter" may impair or impede the interests of the Yurok Tribe. Alternatively, this request is appropriate pursuant to Rule 24(b) as the request is timely, the applicant's claim or defense shares a common question of law or fact, and intervention would not unduly delay or prejudice the adjudication.

IT IS HEREBY ORDERED that the Yurok Tribe's motion to intervene as of right, or alternatively with permission, as a defendant in this action is GRANTED.

Dated this <u>25th</u> day of <u>September</u>, 2013.

_____
Maxine M. Chesney
United States District Judge

Respectfully submitted by:

JOHN CORBETT
Senior Attorney, Office of the Tribal Attorney

/s/ Nathan Voegeli
NATHAN VOEGELI
Staff Attorney, Office of the Tribal Attorney
*Attorneys for the Yurok Tribe*