Sharon E. Duggan (SBN 105108)
370 Grand Avenue, Suite 5
Oakland, California  94610
foxsduggan@aol.com
Tel: 510-271-0825
Fax: 510-271-0829

Peter M.K. Frost, *pro hac vice*
Western Environmental Law Center
1216 Lincoln Street
Eugene, Oregon  97401
frost@westernlaw.org
Tel: 541-359-3238
Fax: 541-485-2471

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ENVIRONMENTAL PROTECTION INFORMATION CENTER, ) | Case No. 13-02293-MMC |
| ) | |
| Plaintiff, ) | **CONSENT DECREE AND [~~PROPOSED~~] ORDER** |
| ) | |
| vs. ) | |
| ) | |
| STAFFORD LEHR, CHARLTON H. BONHAM ) S.M.R. JEWELL, MICHAEL L. CONNOR, ) DAVID MURILLO, U.S. BUREAU OF ) RECLAMATION, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| HOOPA VALLEY TRIBE, YUROK TRIBE, ) | |
| ) | |
| Defendant-Intervenors. ) | |

1    Plaintiff Environmental Protection Information Center ("EPIC"), State Defendants Stafford
2    Lehr and Charlton H. Bonham ("State Defendants"), Federal Defendants U.S. Bureau of
3    Reclamation, S.M.R. Jewell, Michael L. Connor, and David Murillo ("Federal Defendants"), and
4    Defendant-Intervenors Hoopa Valley Tribe and Yurok Tribe hereby respectfully file this consent
5    decree and [proposed] order, requesting that the Court enter an order approving this consent decree,
6    including the terms and conditions by which the parties agree to settle this case, and to retain
7    jurisdiction to ensure that the terms and conditions are implemented.

8                                                    RECITALS

9    WHEREAS, in 1963, the U.S. Bureau of Reclamation completed the Trinity River Division
10   of the Central Valley Project on the Trinity River in northern California;

11   WHEREAS, the Trinity River Division affected and continues to affect salmonids and other
12   fish, flora, and wildlife in the Trinity River;

13   WHEREAS, the Trinity River Division includes the Trinity River Hatchery, built to mitigate
14   for lost fish habitat above the Lewiston Dam and required to operate to support the restoration of fish
15   populations in the Trinity River Basin to levels approximating those which existed before
16   construction of the Trinity River Division, as measured by both returning anadromous fish spawners
17   and the ability of dependent tribal, commercial and sport fisheries to participate fully through
18   enhanced harvest opportunities as part of the benefits of restoration;

19   WHEREAS, Federal Defendants finance, and State Defendants (as officials of the California
20   Department of Fish and Wildlife) operate under a contract with Federal Defendants, the Trinity
21   River Hatchery;

22   WHEREAS, the Trinity River Hatchery spawns, raises, and releases coho salmon, Chinook
23   salmon, and steelhead trout;

24   WHEREAS, currently the Trinity River Hatchery releases coho salmon and steelhead trout in
25   March and Chinook salmon in June and October;

26   WHEREAS, Hoopa Valley Tribe and Yurok Tribe maintain federal reserved fishing rights,
27   which includes the right to harvest anadromous fish in the Trinity River;

28   WHEREAS, Federal Defendants have a federal trust responsibility to make meaningful and

Consent Decree and [Proposed] Order, No. 13-02293-MMC                                              2

protect the federal reserved fishing rights of the Hoopa Valley Tribe and Yurok Tribe;

WHEREAS, on May 6, 1997, the National Marine Fisheries Service ("NMFS") listed coho salmon within the "evolutionarily significant unit" in southern Oregon and northern California, including coho salmon in the Trinity River, as a threatened species under the Endangered Species Act ("ESA");

WHEREAS, on May 20, 2013, EPIC filed this lawsuit, alleging that Federal Defendants and State Defendants have violated and are in violation of the ESA, based upon operations of the Trinity River Hatchery and effects on coho salmon in the Trinity River Basin;

WHEREAS, the Court ordered the parties into mediation with the assistance of Magistrate Judge Nandor J. Vadas, and the parties then reached agreement in principle as to settlement of this suit; and

WHEREAS, the parties agree that settlement of this case in this manner is in the public interest and is an appropriate way to resolve current disputes among them.

PROVISIONS

NOW, THEREFORE, the parties hereby stipulate to and agree as follows:

1.      Federal Defendants shall draft a Hatchery and Genetic Management Plan ("HGMP") for the coho salmon program of the Trinity River Hatchery.  *See* 50 C.F.R. § 223.203(b)(5).

2.      The draft HGMP shall address the proportion of natural-origin coho used in broodstock for the Trinity River Hatchery, and shall address methods to physically collect natural-origin coho for use in broodstock, which may include trapping or seining.

3.      On or before January 31, 2014, Federal Defendants shall provide copies of a draft HGMP to the other parties for their review, comment, and input as to its provisions.

4.      On or before February 14, 2014, the parties may submit to Federal Defendants any comments or input on the draft HGMP.

5.      During the week of February 24, 2014, Federal Defendants shall meet with the parties to discuss comments and receive input as to provisions of the draft HGMP.

6.      On or before April 1, 2014, Federal Defendants shall revise the draft HGMP and transmit the revised early draft to NMFS for early review.

7.     On or before April 14, 2014, Federal Defendants shall share the draft HGMP and any comments received from NMFS with the parties.

8.     On or before May 1, 2014, the parties may submit to Federal Defendants any comments or input on the draft HGMP.

9.     On or before May 16, 2014, Federal Defendants shall complete a final draft of the HGMP and transmit it to the parties.

10.    After considering the parties' comments and input on provisions of the draft HGMP, on or before May 30, 2014, Federal Defendants shall submit to NMFS a proposed HGMP for the coho salmon program of the Trinity River Hatchery.  Federal Defendants shall notify the parties and the Court of their submission to NMFS of the proposed HGMP.

11.    Federal Defendants shall also submit to NMFS a draft Biological Assessment under Section 7 of the ESA assessing the effects of hatchery operations on coho salmon in the Trinity River Basin.

12.    In calendar year 2014, the Trinity River Hatchery shall begin the release of steelhead trout raised at the hatchery no earlier than April 15, no later than April 30, and (if within that 15 day period) within the seven days prior to the date of the new moon.  Other than the specific provisions in this paragraph and paragraph 13, the releases for coho salmon, Chinook salmon, or steelhead trout in calendar year 2014 are unaffected by this consent decree.

13.    Nothing in this consent decree shall prohibit or otherwise affect the releases, in calendar years 2014 and 2015, of up to 135,000 Chinook salmon, in addition to the Chinook salmon released in accordance with paragraphs 12 and 14, that have been requested by the U.S. Fish and Wildlife Service to be produced for offsite experimental release.

14.    In the event that NMFS has not approved an HGMP for the Trinity River Hatchery prior to the planned date of 2015 coho releases, in calendar year 2015, the Trinity River Hatchery shall release no more than 448,000 hatchery steelhead trout and no more than 300,000 hatchery coho salmon into the Trinity River or any tributary to the Trinity River.  The Trinity River Hatchery shall release steelhead trout raised at the hatchery no earlier than April 15, 2015, no later than April 30, 2015, and (if within that 15 day period) within the seven days prior to the date of the new moon.

1  The Trinity River Hatchery shall have the goal of releasing approximately 4.3 million Chinook

2  salmon (approximately 2.9 million fall-run Chinook salmon and 1.4 million spring-run Chinook

3  salmon) in calendar year 2015.  Other than the specific provisions in this paragraph and paragraph

4  13, Trinity River Hatchery releases of coho salmon, Chinook salmon, and steelhead trout in calendar

5  year 2015 are not affected by this consent decree.

6        15.    In the event that NMFS has not approved an HGMP for the Trinity River Hatchery

7  before March 15, 2016, in calendar year 2016, and in calendar years thereafter until NMFS has

8  approved an HGMP for the Trinity River Hatchery, the Trinity River Hatchery shall release hatchery

9  Chinook salmon, hatchery steelhead trout and hatchery coho salmon in accordance with the amounts

10  and timing specified for such releases in the proposed HGMP that Federal Defendants submit to

11  NMFS pursuant to paragraph 10 (regardless of whether that submittal happens on time).

12        16.    In the period before NMFS approves an HGMP for the Trinity River Hatchery,

13  Federal Defendants may fund the Trinity River Hatchery, and Trinity Hatchery may be operated, to

14  capture or collect non-hatchery origin coho salmon for use in hatchery broodstock.  This consent

15  decree shall create no continuing obligations as to Trinity River Hatchery operations upon formal

16  approval by NMFS of an HGMP for the Trinity River Hatchery.

17        17.    The parties agree that they enter this consent decree after negotiations in good faith as

18  to settlement.  This consent decree is the result of compromise and settlement between the parties.

19  The parties agree that this consent decree constitutes a settlement and compromise of all claims in

20  this case as well as any claims that EPIC could have brought to date against Federal Defendants

21  (and/or other officials and/or employees of the U.S. Bureau of Reclamation) and/or State Defendants

22  (and/or other officials and/or employees of the California Department of Fish and Wildlife)

23  concerning current or past operations of the Trinity River Hatchery.  The parties agree that all of the

24  terms of their agreement are set forth in this consent decree.  This consent decree affects the funding

25  and operation of the Trinity River Hatchery only as specifically stated in this consent decree.

26        18.    By entering into this consent decree, no party admits or denies any fact, claim or

27  defense in this case, except as provided in paragraph 21.  By entering into this consent decree, the

28  parties agree that no party shall use, and nothing in this consent decree shall be interpreted as, an

admission as to any liability, wrongdoing, fact, claim, or defense by any party.  The consent decree

and its provisions shall not be utilized or admissible as precedent, evidence, or argument in any other

proceeding, whether administrative or judicial, except as may be necessary to ensure compliance

with or to carry out the terms and conditions of the consent decree.

19.     The parties expressly agree that this consent decree shall not be utilized or interpreted

as an admission or as precedent as to federal reserved fishing rights maintained by the Hoopa Valley

Tribe and Yurok Tribe, Federal Defendants' tribal trust responsibilities and obligations to the Hoopa

Valley and Yurok Tribe, or any quantification of federal reserved fishing rights of the Hoopa Valley

Tribe and Yurok Tribe. This consent decree shall not waive or affect Federal Defendants' trust

obligations and duties to the Hoopa Valley Tribe and Yurok Tribe or any other applicable Federal

obligations and duties.

20.     Each party to this consent decree acknowledges that it has been represented by legal

counsel, and that each party has reviewed, and has had the benefit of legal counsel's advice

concerning all of the terms and conditions of this consent decree.  Each party to this consent decree

represents and warrants that the person who has signed this consent decree on its behalf is duly

authorized to enter into this consent decree and to bind that party to the terms and conditions of this

consent decree.

21.     Federal Defendants and State Defendants agree that EPIC is a "prevailing party" in

this case under Section 11(g)(4) of the ESA.  EPIC shall provide to Federal Defendants and State

Defendants documentation of its attorneys' fees and costs in this case.  Thereafter, Federal

Defendants and State Defendants shall pay EPIC's reasonable attorneys' fees, costs, and other

expenses (as allowed under section 11(g)(4) of the ESA) in an amount to be agreed upon by these

parties or, if they are unable to agree as to an amount, or share of amount to be paid by Federal

Defendants and State Defendants, in an amount ordered by the Court after EPIC files a motion for

fees, costs, and other expenses under the ESA.

22.     Nothing in this consent decree shall be interpreted as, or shall constitute, a

requirement that Federal Defendants are obligated to pay any funds exceeding those available, or

take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341.

23. The terms of this consent decree become effective upon entry of an order by the Court approving this decree. Upon approval of this consent decree by the Court, all counts of EPIC's amended complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties agree and respectfully request that the Court retain jurisdiction to oversee compliance with the terms and conditions of this decree, and to resolve any motions to modify or otherwise change any of its terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). The Court's continuing jurisdiction shall terminate on the date that NMFS approves an HGMP for the Trinity River Hatchery.

24. The order entering this consent decree may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.

25. In the event that any party seeks to modify the terms of this consent decree, or in the event of a dispute arising out of or relating to this consent decree, or in the event that any party believes that any other party has failed to comply with any term or condition of this consent decree, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other parties with notice of the claim. The parties will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before any party pursues relief from the Court. If the parties are unable to resolve the claim after meeting and conferring, any party may pursue relief from the Court.

26. In the event that Federal Defendants and/or State Defendants fail to meet the deadlines specified above, and have not sought to modify that deadline, EPIC's first remedy shall be a motion to enforce the terms of this Consent Decree. This Consent Decree shall not, in the first instance, be enforceable through a proceeding for contempt of court.

Date: April 25, 2014.                    Respectfully submitted,


/s/ Peter M.K. Frost
PETER M.K. FROST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Sharon E. Duggan (as authorized)
SHARON E. DUGGAN
Attorneys for EPIC


ROBERT G. DREHER
Acting Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief

/s/ Ethan Carson Eddy (as authorized)
ETHAN CARSON EDDY
Trial Attorney
Attorneys for Federal Defendants


KAMALA D. HARRIS
Attorney General of California
ROBERT W. BYRNE
Senior Assistant Attorney General
GAVIN G. MCCABE
Supervising Deputy Attorney General
DANIEL S. HARRIS
JONATHAN WIENER
Deputy Attorneys General

/s/ Marc N. Melnick (as authorized)
MARC N. MELNICK
Deputy Attorney General
Attorneys for State Defendants


/s/ Thomas Schlosser (as authorized)
THOMAS P. SCHLOSSER
Attorney for Hoopa Valley Tribe


/s/ Nathan Voegeli (as authorized)
NATHAN VOEGELI
Attorney for Yurok Tribe

/ / /

/ / /

/ / /

1   Pursuant to the stipulation of the parties, IT IS SO ORDERED.

2

3

4   Date:  April 28        , 2014.

    Maxine M. Chesney
5   UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28